JANE DOE VII, Petitioner–Appellant, v. RICHARD ROE VII, Defendant–Appellee

NO. 14424

(FC–P NO. 10632)

APRIL 8, 1991

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

In this case between petitioner Jane Doe (Mother) and respondent Richard Roe (Father), Mother appeals the family court's February 26, 1990 Order Following Hearing on Petitioner's Order to Show Cause for Relief After Order or Decree (Order) which denied her August 16, 1988 Motion and Affidavit for Relief After Order or Decree (Motion). We vacate the Order and remand.

### FACTS

Mother gave birth to a female child (Daughter) on May 4, 1978. On April 23, 1984 she filed a petition against Father alleging his paternity of Daughter and seeking child support. On April 23, 1984 Father filed an Affidavit of Acknowledgment of Paternity. On June 4, 1984 the family court entered a Judgment which states, in relevant part, as follows:

The parties herein have consented to the entry of a judgment as follows:

\* \* \*

3. [Father] shall pay to [Mother] for the support and maintenance of [Daughter], the sum of Nine Hundred Thirty and No/100 ($930.00) per month payable on the first (1st) day of April 1, [sic] 1984, . . . .

On the first (1st) day of January of each year, commencing with January 1, 1985, there shall be an automatic cost of living increase on the child support amounts, based upon the *Consumer Price Index*. The initial basis for calculations shall be the *Consumer Price [I]ndex* herein applicable as of January 1, 1984. . . . [B]ut

in no event should the increase be more than eight percent (8%) per year.

\* \* \*

In the event that the United States City Average "All Items" line of the All Urban Consumers Index ceases to be published, another index which most closely approximates the said index shall be substituted.

\* \* \*

4. ... [Father] shall pay directly to [Mother] by way of separate check the cost of tuition for the normal school year for Punahou School (or a comparable private school) .... [Father] shall also pay the tuition for [Daughter] to attend a university, college, trade school or other accredited post high school educational institution.

The Judgment also required Father to maintain for the benefit of Daughter a $100,000.00 insurance policy on his life, a HMSA medical and hospital service insurance policy, a dental insurance policy, and to pay all of Daughter's uninsured medical and dental expenses.

On October 1, 1986 the Board of Family Court Judges, State of Hawaii, published its Child Support Guidelines as required by Hawaii Revised Statutes (HRS) § 576D-7 (Supp.. 1990).[1] Amended Child Support Guidelines were published on July 8, 1987, February 1, 1988, and November 1, 1989. HRS § 584-15(e)

---

[1] Hawaii Revised Statutes (HRS) § 576D-7 (Supp. 1990) states, in relevant part, as follows:

> **Guidelines in establishing amount of child support.** (a) The family court, in consultation with the [child support enforcement] agency, shall establish guidelines to establish the amount of child support when an order for support is sought or being modified under this chapter. The guidelines shall be based on specific descriptive and numeric criteria and result in a computation of the support obligation.

(Supp. 1990) [2] made the Child Support Guidelines applicable in paternity cases.

Mother's Motion asked the family court to order Father to pay child support according to the applicable Child Support Guidelines. According to Father's Exhibit H, Father's gross monthly income was $16,125.00, Mother's was $1,923.00, and Father's monthly child support obligation according to the Child Support Guidelines was $2,010.00. According to Mother's Exhibit 18, Father's gross monthly income was $23,833.88, Mother's was $1,728.00, and Father's monthly child support obligation according to the Child Support Guidelines was $2,960.00.

Part III of the November 1, 1989 Amended Child Support Guidelines states, in relevant part, as follows:

### Exceptional Circumstances

The court may order child support which deviates from the Guidelines *only if* exceptional circumstances warrant such deviation, pursuant to HRS Sections 576D–7 and 576E–15. In such cases, the court shall make oral findings of fact on the record at the hearing or shall prepare written findings of fact regarding the exceptional circumstances.

Although it is impossible to predict all exceptional circumstances that warrant departure, the following examples provide some guidance:

\* \* \*

—Private education expenses are considered as part of SOLA [Standard of Living Adjustment] unless such expenses are so extraordinary that SOLA cannot adequately cover [them] or if the child has

---

[2] HRS § 584–15(e) (Supp. 1990) states as follows: "In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall use the guidelines established under section 576D–7."

been in private school with the agreement of the parties prior to separation.

\* \* \*

At the December 19, 1989 hearing when the family court announced its decision, the court stated:

THE COURT: [Mother's counsel], in this particular case [was] any evidence ever introduced to show what the level of [Father's] and [Mother's] income was at the time of the entry of this — into this agreement?

[Mother's counsel]: Yes, Judge.

THE COURT: This judgment.

[Mother's counsel]: The testimony was that there was no disclosure of financial — of — of the parties' financial circumstances when they entered into the agreement.

THE COURT: So for all we know [Father] may have been worth the same amount — earning the same amount except in different forms, perhaps?

I mean, you may — he —

[Mother's counsel]: But that doesn't mean that the agreement that they made conformed with the Child Support Guidelines.

THE COURT: It doesn't mean that it deviated either.

\* \* \*

THE COURT: All right.

The Court finds that there has not been shown [a] material change in circumstances in this case. There are no exigent circumstances which will allow the Court to make modifications to the level of child support previously ordered.

Transcript (December 19, 1989) at 63, 64.

On February 26, 1990 the family court entered its Order which stated, in relevant part, as follows:

    1. **Child Support.** There has been no material change in [the] circumstances of the parties. [Mother's] motion for an increase in child support in accordance with [the] Child Support Guidelines is denied.

    2. **Attorneys' Fees and Costs.** The parties shall each pay their own attorneys' fees and costs except that [Mother] may keep the $4,000.00 advanced to her by [Father] as a contribution to her attorney's fees and costs.

On April 20, 1990 the family court entered Findings of Fact and Conclusions of Law. They state, in relevant part, as follows:

### I. FINDINGS OF FACT.

* * *

    2. . . . [Father's] adjusted gross income for 1988, including income from the sale of assets, was $2,693,301.00.

* * *

    5. No financial forms were filed at the time of the paternity judgment.

    6. [Father] is currently paying $1,018.00 per month in child support directly to [Mother]. Additionally he pays the tuition at [a private school] (through [Mother]) and provides medical and dental coverage, as well as paying the uncovered expenses.

* * *

### II. CONCLUSIONS OF LAW.

    1. There was no material change in circumstances from the child support order of June 4, 1984 to the date of the trial. Without a change in circumstances, [Mother's] motion must be denied.

2. It is equitable for the parties to pay their own attorneys' fees and costs with the exception that [Mother] may keep the $4,000.00 advanced to her by [Father].

## DISCUSSION
### I.

Mother contends that the family court erroneously limited her right to discover and introduce evidence. Upon a review of the record, we disagree.

### II.

Mother contends that the first sentence of conclusion of law 1 (which is a finding of fact) is clearly erroneous. We agree.

HRS § 580–47(c) (1985) requires "a showing of a change in the circumstances of either party or any child of the parties since the entry of any prior order" before the family court is authorized to amend its prior child support order. In *Vorfeld v. Vorfeld*, 8 Haw. App. 391, 804 P.2d 891 (1991), which is a case involving spousal support, we concluded that "[o]nly the relevant circumstances that were on the record when the family court entered its spousal support order are relevant circumstances." *Id.* at 404, 804 P.2d at 898. We now conclude that the same rule applies to child support orders.

In the instant case, there is nothing on the record, other than Daughter's age and paternity, about the relevant circumstances of either party or Daughter when the family court entered its Judgment on June 4, 1984. Based on the record, it must be concluded that the only circumstances presented and considered by the family court were Father's and Mother's agreement and Daughter's age and paternity. Apparently because the Judgment was by consent, the family court did not require any other relevant evidence to

support its entry of the Judgment. Since Mother did not (and, in fact, could not) prove that the relevant circumstances on the record in 1988 were materially different than the relevant circumstances on the record in 1984, the family court decided that she had not proved the required material change in the relevant circumstances. We conclude that the family court erred.

In a situation where the relevant circumstances were not entered into the record for the family court's consideration when it entered the existing child support order, how does the party who seeks an increase in court–ordered child support satisfy HRS § 580–47(c)'s requirement of a change in circumstances? According to the family court's ruling in this case, the lack of sufficient relevant information on the record prior to the entry of the initial child support order makes it impossible to show a material change in circumstances. The family court's ruling penalized Mother for the family court's neglect. The family court should not have entered the 1984 Judgment in the absence of sufficient relevant information on the record. Even when the parties consent, the family court must consider the relevant information on the record and independently decide the questions of legality and equitability.

Therefore, we hold that in the situation where only the fact of the paternity and the age of the child, and no other relevant circumstances existing at the time of the entry of the initial child support order, were entered into the record for the family court's consideration, it shall be concluded that insufficient relevant circumstances were on the record. Consequently, proof of sufficient relevant circumstances existing at the time of the modification hearing is conclusive proof of a material change in the relevant circumstances.

## III.

Although she appears *pro se* in this appeal, Mother was represented by counsel in the family court. The family court's February

26, 1990 Order denied Mother's request for $12,044.11 additional attorney fees and costs over and above the $4,000.00 advanced by Father. The family court's only explanation was that "it is equitable for the parties to pay their own attorney fees and costs[.]" A conclusory explanation is inadequate when the motion for the modification of the initial child support order is granted and there is no express or apparent explanation on the record supporting the family court's decision. It may be adequate with respect to divorce cases culminating in the entry of the initial child support order. It is adequate when the motion for the modification of the initial child support order is denied.

## CONCLUSION

Accordingly, we vacate (A) paragraph 1 of the February 26, 1990 Order Following Hearing on Petitioner's Order to Show Cause for Relief After Order or Decree; and (B) Conclusion of Law 1 of the April 20, 1990 Findings of Fact and Conclusions of Law. We remand for further proceedings.

*Jane Doe, **pro se**,* petitioner–appellant, on the briefs.
*Elton John Bain* (Kessner Duca & Maki, of counsel) on the brief for respondent–appellee.